**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>NATALIE C THEBERGE,<br><br>DEFENDANT | **CIVIL ACTION NO.: 1:25-cv-00140-LEW** |

**<u>CONSENT JUDGMENT OF FORECLOSURE AND ORDER OF SALE</u>**
**(Title to Real Estate Involved)**
**Mortgage Recorded in Kennebec County Registry of Deeds in Book 9227, Page 329**
**Street Address: 1309 Augusta Road, Winslow, ME 04901**

Plaintiff, the United States Department of Agriculture ("Plaintiff" or "USDA"), and Defendant, Natalie C. Theberge ("Defendant" or "Ms. Theberge"), hereby consent, by and through their respective undersigned counsel, to the entry of Judgment of Foreclosure and Order of Sale with respect to that certain real estate located generally at or about 1309 Augusta Road, Winslow, ME 04901 (the "Property"), as follows:

1. The following information is included in the Judgment pursuant to 14 M.R.S.A. § 2401(3):

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| Natalie C. Theberge<br>1309 Augusta Road,<br>Winslow, ME 04901 | Thomas A. Cox, Esq., Bar No. 1248<br>Law Office Of Thomas A. Cox<br>P.O. Box 1083<br>Yarmouth, ME 04096 |

b. The docket number of this case is: **1:25-cv-00140-LEW**.

c. Service of the documents required by Fed. R. Civ. P. 4(b) was made upon Defendant and Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure.

d. The property upon which Plaintiff seeks to foreclose in this case is adequately described in ¶ 14 below.

2. The Defendant is an individual with a last-known address of 1309 Augusta Road, Winslow, ME 04901.

3. This is an action for foreclosure and sale respecting 1309 Augusta Road, Winslow, ME 04901 (the "Property").¶

4. On or about January 25, 2007, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the amount of $160,000.00. A true copy of the Note is appended to the Amended Complaint as **Exhibit 1** and is incorporated herein.

5. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about January 25, 2007, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"), which Mortgage is recorded in the Kennebec County Registry of Deeds at Book 9227, Page 329. A true copy of the Mortgage is attached as **Exhibit 2** to the Amended Complaint.

6. The Mortgage secures the obligations of the Defendant under the terms of the Note;

7. The Property is more particularly described in the Mortgage;

8. Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under the Mortgage, to

be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction.

9. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on April 25, 2010, and all other payments that have come due thereunder.

10. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

11. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

12. As of January 15, 2025, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $154,218.28 in principal, $145,151.18 in accrued interest and $110,733.34 in other fees, for a total of $410,102.80. Additional interest continues to accrue on the principal balance at the default interest rate of 5.7500% per annum, which, in this case, works out to be $24.2947 per day from and after January 15, 2025, through the date hereof.

13. By virtue of the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property.

14. As set forth in the Mortgage attached as **Exhibit 2** to the Amended Complaint, the Property is bound and described as follows:

> A certain lot or parcel of land together with the improvements thereon situated on the westerly side of Route #201, so called, in the Town of Winslow, County of Kennebec and State of Maine, bounded and described as follows, to writ:
>
> Beginning at an iron pin found on the westerly right of way line of Route #201 at the northeasterly corner of the land conveyed by Robert G. Frenier et al. to Pamela Kriegel (hereafter "the Kriegel lot") by deed dated January 1995 and recorded in the Kennebec County Registry of Deeds (hereafter "the Kennebec Registry") Book 4836, Page 209; thence by the following courses and distances, to writ:

1) North Fifty-nine degrees, Thirty-nine Minutes, Fifty-four Seconds West (N59°-39'-54') along the northerly line of the Kriegel lot, a distance of Two Hundred Seventy-seven and 59/100ths (277.59) feet to an iron rod set on said line for a corner; thence

2) North Thirty-three degrees, thirteen Minutes, Eleven Seconds East (N 33°-13'11" E) along an easterly line of land retained by the grantors herein, a distance of Three Hundred Thirty-six and 84/100ths (336.84) feet to a blazed ten (10) inch spruce tree, painted yellow; thence

3) South Fifty-eight degrees, fifty two minutes, forty five seconds east (S 58°-52'-45" E) along a southerly line of land retained by the grantors herein, a distance of Two Hundred Forty-five and 57/100ths (245.57) feet to an iron rod set on the westerly right of way line of Route #201; thence

4) South Twenty-seven Degrees, Forty0four minutes, Twenty-one seconds West (S 27°-44'-21" W) along the westerly right of way line of Route #201, a distance of Three Hundred Thirty-three and 38/100ths (333.38) feet to the iron pin found at the point of beginning.

The above described parcel of land contains Eighty-seven Thousand, Five Hundred Fifty-six (87,556) square feet or Two and 01/100ths (2.01) acres and is the same parcel labeled, "Lot to be Conveyed," on the plan of survey entitled, "Boundary Survey for the Trustees of the Benjamin R. Blackwell Trust, House Lot," Winslow, ME, dated October 2006, by K & K Land Surveyors, Inc., which survey has been recorded in Kennebec County Registry of Deeds in Plan Book 2007, Page 003. All iron rods called as "set" in the above description are one-half (1/2) inch rebar, capped and labeled, "K & K Land Surveyors, Inc. #1132".

Being the same premises conveyed to Natalie Theberge by warranty deed of Dorothy L. Blackwell, trustees of the Benjamin R. Blackwell Trust, of even date and to be recorded herein.

15. As of July 6, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $448,611.23, consisting of the following:

| | |
|---|---|
| Principal: | $ 154,218.28 |
| Interest on Principal: | $ 144,479.86 |
| Fees Required with Payoff | $ 35,505.96 |
| Fees Currently Assessed | $ 106,171.85 |
| Late Fees: | $ 2,143.34 |
| Attorney Fees and Costs: | $ 6,091.94 |
| Total: | $ $448,611.23 |

16. The pre-judgment interest rate is 5.75%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 10.23%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

17. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

18. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

19. The Defendant waives all rights under the Foreclosure Diversion Program.

20. The Defendant waives all rights (i) of redemption which may arise pursuant to 14 M.R.S.A. § 6322, (ii) to file post-judgment motions, and (iii) of appeal.

21. Plaintiff's claim for attorney's fees is not integral to the relief sought, within the meaning of Me. R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

22. No deficiency judgment shall enter, and Plaintiff shall not attempt to collect any deficiency from Defendant. Defendant gives, and Plaintiff accepts, Defendant's consent to this judgment, Defendant's waiver of any right to dispute Plaintiff's claims, and Defendant's waiver of her statutory right of redemption in full satisfaction of the Note and Mortgage and any claim arising under the Note and Mortgage and the property referenced in the Mortgage, including the right to demand money from Defendant or attach or offset Defendant's assets, income, or federal benefits.

ACCORDINGLY, it is hereby **ORDERED** that:

A. The Defendant, having waived her rights to file post-judgment motions and having waived her rights to file an appeal, it is hereby expressly directed that final entry of Judgment of Foreclosure and an Order for Sale is entered on Plaintiffs' Amended Complaint in favor of Plaintiffs;

B. In consideration of the forgoing consent to judgment, the Defendant shall have the right to remain in possession of the Property to the date of November 1st, 2026.

C. Defendant, having waived her right of redemption, Plaintiff, its successors and assigns, upon the date of November 1st, 2026 shall immediately be entitled to exclusive possession of the Property, issuance of a writ of possession thereon, and Plaintiffs may sell the Property, and disburse the proceeds of sale as follows:

FIRST, to the costs and expenses of sale;

SECOND, to payment of the Plaintiffs' attorneys' fees and costs as detailed above in Paragraph Fifteen (15) hereof;

THIRD, to payment of the Plaintiffs' attorneys' fees for service rendered on or after April 6, 2026, as may be approved by this Court upon application made in conjunction with the report of sale, and costs;

FOURTH, to the Plaintiff, to satisfy the total claim due on the Mortgage as set forth above, through the date of sale; and

FIFTH, in the event there is a surplus over the preceding amounts, to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform

Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

D. If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

E. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

**SEEN AND AGREED TO:**

**THE UNITED STATES DEPARTMENT OF AGRICULTURE**

***/s/ Stephean C. Chute***
**Stephean C. Chute, Esq., Bar No. 06828**
**Braucher & Associates, PLLC**
**764 Chestnut Street, Suite 1**
**Manchester, NH 03104**
**stephean@ishofn.com**

**NATALIE C. THEBERGE**

***/s/ Thomas A. Cox***
**Thomas A. Cox, Esq. Me. Bar No. 1248**
**P.O. Box 1083**
**Yarmouth, ME 04096**
**tacsail@icloud.com**

Dated this 8th day of September, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge